# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| SHANCE TAYLOR, *Plaintiff*, v. DISTRICT OF COLUMBIA, *Defendant.* | Civil Action No. 17-cv-0122 (DLF) |

## MEMORANDUM OPINION AND ORDER

Shance Taylor brings this action to recover attorneys' fees and costs incurred in administrative proceedings against the District of Columbia Public Schools pursuant to the Individuals with Disabilities Education Act (IDEA). Dkt. 11. Magistrate Judge Deborah A. Robinson issued a Report and Recommendation regarding Taylor's Motion for Attorneys' Fees on June 14, 2018, Dkt. 14, and Taylor filed timely Objections to the Report and Recommendation, Dkt. 15. For the following reasons, the Court adopts in part and rejects in part Magistrate Judge Robinson's Report.

## I. BACKGROUND

Taylor seeks to recover $44,293.20 in attorneys' fees and costs incurred in the underlying administrative proceeding. Dkt. 11. Magistrate Judge Robinson recommended granting Taylor's attorney's fees at the applicable *Laffey* matrix billing rate,[1] granting Taylor's attorney's travel

---

[1] The *Laffey* matrix is "a schedule of charges based on years of experience developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983)." *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1105 (D.C. Cir. 1995) (footnote and subsequent history omitted). The Civil Division of the United States Attorney's Office for the District of Columbia maintains and updates a *Laffey* matrix, available at https://www.justice.gov/usao-dc/file/796471/download.

fees at half of the applicable *Laffey* matrix billing rate, and denying any fees for the services of "JG."[2] Dkt. 14. Taylor's only objection to the Report is that fees should have been awarded for the services of JG, a law clerk named Joseph Golinker. Dkt. 15.[3]

## II. LEGAL STANDARD

"When a timely objection is made to a magistrate judge's findings and recommendations, this Court reviews the portions of the [Report and Recommendation] to which an objection is made de novo . . . ." *Raja v. Fed. Deposit Ins. Corp.*, No. 16-cv-0511, 2018 WL 818393, at *3 (D.D.C. Feb. 12, 2018). When parties supplement the record with additional evidence after the magistrate judge has issued her Report and Recommendation, the district judge may refuse to consider the additional evidence and instead "make a determination based solely on the record developed before the magistrate judge." Local Civ. R. 72.3(c). However, the district judge also "may conduct a new hearing, receive further evidence, and recall witnesses." *Id.*

## III. ANALYSIS

Taylor provided information regarding the education and experience of Joseph Golinker in her Objections to the Report and Recommendation. Dkt. 15. The District argues that "[p]arties must take before the Magistrate Judge[] not only their best shot but all of their shots," and that Taylor is thus not entitled to introduce new evidence regarding the education and experience of "JG" to recover fees for his work. Dkt. 16 at 3 (quoting *Aikens v. Shalala*, 956 F.

---

[2] "JG" was unidentified in the motion for attorneys' fees. Dkt. 11. However, in objecting to Magistrate Judge Robinson's Report and Recommendation, Taylor makes it clear that "JG" was a law clerk named Joseph Golinker. Dkt. 15.

[3] The District did not file any objections to Magistrate Judge Robinson's Report and Recommendation. It has thus waived any argument about whether the *Laffey* matrix is applicable in this case. *See* Local Civ. R. 72.3(b) ("Failure to file timely objections may waive appellate review of a District Court order adopting the magistrate judge's report.").

2

Supp. 14, 23 (D.D.C. 1997)) (internal quotation marks omitted). That argument fails, however, because the Court has discretion to consider supplemental evidence when reviewing the magistrate judge's Report and Recommendation, and doing so in this case would not prejudice the District.

The District cites *Aikens* to support its conclusion that Taylor should have only "one shot." *See id.* But *Aikens* is neither controlling nor persuasive as applied to the facts here. In *Aikens*, the court refused to review a new argument raised by a party for the first time in an objection to the magistrate judge's Report and Recommendation. 956 F. Supp. at 23–24. But the court focused on the fact that a new *argument* was raised, not on the introduction of supplemental evidence to support arguments previously raised before the magistrate judge. *Id.* In this case, unlike in *Aikens*, Taylor is not raising an entirely new argument.

Further, the District had an opportunity to present evidence in its response to discredit "JG." Instead of taking that opportunity, the District merely stated that "Plaintiff's late offering of JG's experience and background at this point, after briefing on the underlying issues has concluded, should be wholly disregarded as untimely." Dkt. 16 at 3–4. Although "[i]t would be fundamentally unfair to Defendant for the court to consider Plaintiff's new evidence" if the "late submission denie[d] Defendant the opportunity to rebut it with specific proof of its own," *Lee v. Dist. of Columbia*, 298 F. Supp. 3d 4, 10–11 (D.D.C. 2018), no such denial occurred here. Rather, the defendant had ample opportunity to offer its own evidence and simply declined to do so. Because it is within the discretion of the Court to accept and consider new evidence and the District had an opportunity to rebut Taylor's evidence, the Court will consider the new evidence regarding Golinker's education and experience.

Considering that evidence, the Court must determine whether Golinker qualifies as a paralegal or law clerk and, if so, what award to give for his services. The American Bar Association defines a paralegal or legal assistant as a person "qualified by education, training or work experience who is employed or retained by a lawyer, law office, corporation, governmental agency or other entity and who performs specifically delegated substantive legal work for which a lawyer is responsible." *McAllister v. Dist. of Columbia*, 21 F. Supp. 3d 94, 105 (D.D.C.), *modified on reconsideration in part*, 53 F. Supp. 3d 55 (D.D.C. 2014), *aff'd*, 794 F.3d 15 (D.C. Cir. 2015). And the Supreme Court has determined in a separate context that non-clerical work that could be done by attorneys but is instead done by paralegals warrants fee recovery. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (listing tasks paralegals may perform). The *Laffey* matrix maintains one static rate for both paralegals and law clerks. Dkt. 15-2.

Golinker graduated from American University Law School and is licensed to practice in New Mexico, but he bills at the paralegal rate because he is not licensed to practice in the District of Columbia. Dkt. 15 at 3. Taylor's bills list work done by Golinker that is consistent with the type of work appropriate for a paralegal. Dkt. 11-3 (listing tasks billed to "JG" including drafting legal memoranda, drafting motion to dismiss, conducting legal research, and reading and responding to emails). Further, several judges on this court have recently awarded fees for Golinker's work in similar IDEA cases. *See Merrick v. Dist. of Columbia*, 316 F. Supp. 3d 498, 516 (D.D.C. 2018); *Lee v. Dist. of Columbia*, 303 F. Supp. 3d 57, 60 (D.D.C. 2018); *Shaw v. Dist. of Columbia*, 253 F. Supp. 3d 267, 268 (D.D.C. 2017). Accordingly, Taylor correctly billed Golinker's work as a paralegal/law clerk, and the Court will award fees for his work.

Several courts have reduced the fee award when no information is given about the qualifications of the law clerk or paralegal. *See Jackson v. Dist. of Columbia,* 696 F. Supp. 2d 97, 106 (D.D.C. 2010) ("The court notes that this Circuit has expressly approved the practice of awarding reduced fees in circumstances in which a claimant has offered nothing to demonstrate the reasonableness of the fee sought for paralegal services."); *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004) ("Role Models has not even taken the basic step of submitting an affidavit detailing the non-attorneys' experience and education. Because Role Models has justified neither the law clerk's nor the legal assistants' requested rates . . . [,] we will reduce those rates by twenty-five percent." (internal citations omitted)). In this case, with the evidence provided, Taylor has offered enough information for the full *Laffey* rate to be awarded for Golinker's services.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Magistrate Judge Deborah A. Robinson's Report and Recommendation, Dkt. 14, is **ADOPTED** in part and **REJECTED** in part. It is further **ORDERED** that Taylor's Motion for Attorneys' Fees, Dkt. 11, is **GRANTED IN PART** and that (1) except with respect to the attorney's travel time, fees be awarded for the number of hours claimed at the attorney's applicable *Laffey* billing rate; (2) the attorney's claimed travel time be awarded at one-half his applicable *Laffey* billing rate; and (3) fees be awarded for the number of hours claimed at Joseph Golinker's applicable *Laffey* billing rate.

DABNEY L. FRIEDRICH
United States District Judge

Date: September 26, 2018